MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
JODI MISHER PEIKIN
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com
————
WRITER'S CONTACT INFORMATION

rradick@maglaw.com
kdrooyan@maglaw.com
rfeldman@maglaw.com
(212) 856-9600

SENIOR COUNSEL
PAUL R. GRAND
————
COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER
JACOB W. MERMELSTEIN
BRENT M. TUNIS
————
ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

June 10, 2022

**By ECF and Email**
Honorable Allyne R. Ross
United States District Judge
United States District Court for the
   Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

       Re:    United States v. Ezhil Sezhian Kamaldoss, No. 19 Cr. 543 (ARR)

Dear Judge Ross:

     Pursuant to the Court's Order of June 7, 2022 (ECF No. 218), we respectfully submit this letter on behalf of both defendants to provide objections and proposed edits to the Court's draft general jury instructions.  Further, for the convenience of the Court, we also attach, as Exhibit A, a redline of the general jury instructions that reflects our proposed changes.

**Caption**

     For the reasons stated in our letter of June 7, 2022 (ECF No. 219, at 1-2), we respectfully request that the aliases contained in the caption be removed.

**Charge No. 1(D).  Proof Beyond a Reasonable Doubt**

     In defining proof beyond a reasonable doubt, Charge No. 1(D) speaks to the requirement that, for a conviction, the evidence must be of such a convincing character that a reasonable person would not hesitate to rely upon it in "the most important" of his or her affairs or decisions.  For example, the reference to the "most important" matters or affairs is utilized in the seventh line of the instruction, as well as the penultimate line of the instruction.

     However, in the third paragraph of the instruction, the word "most" appears to be missing, as the instruction states that a person has a reasonable doubt if that doubt "would cause

prudent persons to hesitate to act *in matters of importance* in their own lives," rather than in "matters of the *most* importance in their own lives."  We therefore respectfully request the insertion of the word "most" in this portion of the charge.

## Charge No. 1(G).  Government's Use of Electronic Evidence

In Charge No. 1(G), the instruction states that the government has offered evidence obtained from, among other things, "accounts of the defendants."  We note, however that the government has sought to introduce "attribution evidence" to show that certain email accounts are in fact those of the defendants, and that the government itself has conceded that at certain points, it is unable to determine or prove precisely who sent a particular message from a particular account.  *See* ECF No. 212, at 4 (referring to an email from the kdoss999@yahoo.com email account and stating that either Mr. Navaratnarajah had access to the account and sent the email, or that Mr. Kamaldoss sent the email using Mr. Navaratnarajah's name).

Given that the government will be seeking to establish at trial that the email account in fact was Mr. Kamaldoss's, and given as well the government's apparent inability to determine precisely who sent particular emails from the account, we respectfully submit that the Court should not put its thumb on the scale of this issue by referring to "accounts of the defendants". Instead, we propose that this language be amended to refer to "accounts the government attributes to the defendants."

## Charge No. 1(H).  Improper Considerations

In the subsection of this charge entitled "Nature of Crimes," the first sentence refers to "the crime charged" (singular) and the second sentence refers "the crimes charged" (plural).  We submit that the earlier of these, referring to "the crime charged," should be converted to the plural "crimes".

In the subjection of this charge entitled "Number of Witnesses," we have three objections.  First, we believe the second sentence should include the phrase "or evidence" at the end, since the charge is intended to direct the jury not to show favor to a party merely because it called more witnesses or presented more evidence.  Second, we believe the underlined header to this section should (for the same reasons just described) read "Number of Witnesses/Items of Evidence."  Third and last, although we acknowledge that this is the Court's usual instruction and thus may not be one for which a change is likely, we believe that our proposed formulation from Defense Request No. 4 – which stated, "The fact that one party called more witnesses and introduced more evidence than another should have no bearing on your determination as to whether the government has proven beyond a reasonable doubt each element of an offense you are considering" – is a preferred formulation that should replace the second sentence of this subsection.

## Charge No. 1(K).  Uncalled Witnesses

Charge No. 1(K) contains the statement that "one or more of the attorneys has referred to the[] absence [of certain persons] from the trial."  Although counsel may at some point during the trial refer to or seek to make arguments or suggestions relating to the absence of specific persons, this should be a conditional instruction, in that it that may or may not be triggered depending on the circumstances of the case.  We therefore request that this charge, like others that are present in the Court's draft, be noted for the time being as "IF APPLICABLE" and placed in italics.

## Charge No. 1(N).  Cooperating Witness Testimony

Charge No. 1(N) refers to cooperating witnesses, which the charge defines as witnesses who testified about their own involvement in planning and carrying out certain crimes charged in the indictment.  Charge No. 1(N) does not, however, also refer to confidential informants, who are another type of cooperating witness who may or may not have actually participated in the offenses, and for whom a credibility assessment warrants special care because of the potential that their testimony is motivated by the prospect of personal gain.  Indeed, the government has noted at several points that it intends to call one or more confidential informants, and although the government yesterday requested that a footnote in a supplemental voir dire submission to Magistrate Judge Bloom reflect that a confidential informant in this case "did not receive any benefits from the government" (*see* Exhibit B, at n.1), further factual development at trial will likely be necessary to determine whether this confidential informant did in fact receive some form of benefit, or hoped to do so.

For these reasons, we request that Charge No. 1(N) be modified to include confidential informants, and to reflect that confidential informants, like cooperating witnesses, may be motivated by the prospect of receiving a benefit from the government.  We have made corresponding suggestions in the redline attached hereto as Exhibit A.

## Charge No. 1(O).  Persons Not On Trial

Charge No. 1(O) directs the jury "not to draw any inference, favorable of unfavorable, to the government or the defendants from the fact that certain persons other than the defendants were not named in the Indictment."  We do not object to this language as a general matter.  However, we note that due to the *Pinkerton* instruction in this case, the fact that a certain person was not named in the indictment (or, as is applicable here, had the charges against him dismissed by the government) *may* in fact be relevant to the case and to the jury's deliberation, especially as it relates to the applicability of *Pinkerton* liability arising from the actions and statements of any person against whom the charges were dismissed.  We do not currently have a specific requested modification arising from this issue, but we respectfully flag it for the Court, and may

need to revisit it during the trial if the government in fact argues that individuals as to whom charges were dismissed should be treated as co-conspirators for purposes of *Pinkerton* liability.

## Charge No. 1(P).  Testimony of Law Enforcement Witnesses

In instructing the jury how to assess the testimony of law enforcement witnesses, the second sentence of Charge No. 1(P) refers specifically to the fact that "a witness may be employed by *the federal government* as a law enforcement witness" (emphasis added).  Although defendants are not currently aware of a state or local law enforcement officer whom the government intends to call as a witness, the issues that are relevant to law enforcement testimony do not necessarily arise from the fact of federal employment, but rather from the role of a law enforcement officer in general, no matter who their employer may be.  Accordingly, defendants respectfully request that the term "employed by the federal government as" be stricken.

## Charge No. 2.  Summary of Indictment

Defendants have no objection to the newly added language regarding the dates in the indictment.  However, in their submission at ECF No. 219 (pages 2-3), defendants raised various other objections regarding the summary of the indictment set forth in the draft jury charge, and we incorporate those objections by reference.

## General Deliberations

In correctly advising the jurors not to use any electronic devices to research or communicate about the case, the draft jury instructions reference certain devices, but do not include what we believe to be a sufficient listing of the various devices that jurors could currently use to engage in the research or communication that the instruction seeks to prevent. Similarly, the draft jury instructions reference certain Internet or text services, but do not include specific references to social media applications that jurors could currently use to engage in the research or communication that the instruction seeks to prevent. We therefore have provided proposed edits in the "General Deliberations" section of the jury charge to include such additional devices and social media applications.

Honorable Allyne R. Ross
June 10, 2022
Page 5

\*        \*        \*

On behalf of both defendants, we thank the Court for its review of this letter, and we are grateful for the ongoing opportunity afforded us to comment on the draft proposed charge.

Respectfully submitted,

_____/s/_____
Robert M. Radick
Katherine J. Drooyan
Russell J. Feldman

Attachments

cc:      Counsel of Record (by ECF and Email)

# Exhibit A

**Draft Document – Not for Distribution**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
UNITED STATES OF AMERICA,                                            :     19-CR-543 (ARR)
                                                                     :
     -against-                                                       :     <u>DRAFT JURY CHARGES</u>
                                                                     :     (6/7/22)
EZHIL SEZHIAN KAMALDOSS,                                             :
     ~~also known as "Kamaldoss Sezhian,"~~                          :     NOT FOR ELECTRONIC
     ~~"Kamal Doss" and "Ezhil Cezhian,"~~                           :     OR PRINT PUBLICATION
                                                                     :
and                                                                  :
                                                                     X
VELAUDAPILLAI NAVARATNARAJAH,
     also known as "Rajah,"

               Defendants.

---------------------------------------------------------------------

**Draft Document – Not for Distribution**

Now that the evidence in this case has been presented and the attorneys for the government and the defendants have concluded their closing arguments, it is my responsibility to instruct you as to the law that governs this case. My instructions will be in three parts.

First, I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case.

Second, I will instruct you as to the legal elements of the crimes charged in the indictment, that is, the specific elements that the government must prove beyond a reasonable doubt for you to find a defendant guilty.

Third, I will instruct you as to some general rules regarding your deliberations following these instructions.

Draft Document – Not for Distribution

Charge No. 1
(General Instructions)

## I.      The Duties of the Jury

To begin with, it is your duty to find the facts from all the evidence in this case. You are the sole judges of the facts. It is, therefore, for you and you alone to pass upon the weight of the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence.

With respect to any question concerning the facts, it is your recollection of the evidence that controls.

You must apply the law in accordance with my instructions to the facts as you find them. While the lawyers may have commented on some rules of law, you must be guided only by what I instruct you about the law. You should not be concerned about the wisdom of any rule of law that I state. Regardless of any opinion you may have about what the law may be—or should be—it would be a violation of your oaths as jurors to base your verdict upon any other view of the law than the one given to you in these instructions.

### A.    Equality of the Parties Before the Court

The fact that this prosecution is brought in the name of the United States government does not entitle the government to any greater consideration than the defendants. By the same token, the government is entitled to no less consideration. The government and the defendants are equal before this court, and they are entitled to your equal consideration. Neither the government nor the defendants are entitled to any sympathy or favor.

### B.    Presumption of Innocence

The indictment filed against the defendants is the means by which the government gave notice to the defendants of the charges against them and brought them before the court. The

**Commented [SR1]:** The below instructions combine the Court's usual general instructions with the government's proposed charges nos. 13−30 and defendants' proposed charges nos. 1−8.

The one charge not included here is the government's proposed charge no. 19, "Intent and Motive." Because motive is not at issue in this case, it does not seem to be a necessary charge.

**Commented [SR2]:** This charge is the Court's usual instruction.

**Commented [SR3]:** This charge is the Court's usual instruction.

**Commented [SR4]:** This charge is the Court's usual instruction.

**Draft Document – Not for Distribution**

indictment is an accusation and nothing more. The indictment is not evidence, and you are to give no weight to it in arriving at your verdict. Both defendants, in response to the indictment, pleaded "not guilty." A defendant is presumed to be innocent unless the government proves his guilt beyond a reasonable doubt. That presumption alone, unless overcome, is sufficient to acquit a defendant. That presumption is overcome only if you, the jury, decide unanimously that the government has proven a defendant to be guilty beyond a reasonable doubt.

### C. Burden of Proof on the Government

Since the law presumes a defendant to be innocent, the burden of proving a defendant's guilt beyond a reasonable doubt is on the government throughout the trial. A defendant never has the burden of proving his innocence or of producing any evidence at all. If the government does not meet its burden of proving beyond a reasonable doubt that a defendant is guilty, you must find that defendant not guilty.

### D. Proof Beyond a Reasonable Doubt

Proof "beyond a reasonable doubt" does not mean proof beyond all doubt. It is not necessary for the government to prove the guilt of a defendant beyond all possible doubt. The test is one of reasonable doubt.

A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

A reasonable doubt, however, is not a doubt that arises out of whim or speculation. A reasonable doubt is not an excuse to avoid the performance of an unpleasant duty. If, after a fair and impartial consideration of all the evidence in the case, you can honestly say that you have such

Commented [SR5]: This charge is the Court's usual instruction.

Commented [SR6]: This charge is the Court's usual instruction.

**Draft Document – Not for Distribution**

a doubt, based on all the evidence or lack of evidence in the case, as would cause prudent persons to hesitate to act in matters of ~~the most~~ importance in their own lives, then you have a reasonable doubt. In that event, it is your duty to acquit the defendant.

If, on the other hand, after a fair and impartial consideration of the evidence, you can honestly say that you have such an abiding belief in the guilt of the defendant that you would be willing to act upon a similarly strong conviction in the most important matters in your own lives, then you have no reasonable doubt, and, in that circumstance, you should convict.

**E.  The Evidence**

Commented [SR7]: This charge is the Court's usual instruction.

I will now instruct you as to what is evidence and how you should consider it. The evidence which you are to consider in deciding the facts in this case comes in several forms:

(a) Sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness, is evidence.

(b) Exhibits that have been received into evidence by the court are evidence.

(c) [**IF APPLICABLE:** *Facts to which the lawyers have agreed or stipulated are evidence. A stipulation is an agreement among the parties that a certain fact is true. You should regard such agreed facts as proved.*]

Certain things are <u>not</u> evidence and are to be disregarded by you in deciding the facts:

(a) Arguments or statements by lawyers are not evidence.

(b) Questions put to the witnesses are not evidence.

(c) Objections to questions or to offered exhibits are not evidence. In this regard, I instruct you that attorneys have a duty to their clients to object when they believe evidence should not be received. Therefore, you should not be influenced by the objection or by the court's

ruling on it. If the objection was sustained, ignore the question and any answer that followed. If the objection was overruled, treat the answer like any other answer.

(d) Testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence and must be disregarded. I remind you that, during the course of trial, certain evidence was admitted for you to consider for specific purposes only. For instance, I instructed you that tape recorded statements of confidential informants were not admitted for the accuracy of the informants' statements but only to provide context and to show the effects, if any, that those statements may have had on other parties to the discussion. I also instructed you that items seized from a warehouse in Queens on September 12, 2019, should not be considered as belonging to either defendant; these seized items were offered by the government only to demonstrate the existence of the conspiracies alleged in the Indictment and to corroborate the testimony of the government's cooperating witnesses, if you find that they do so. You must follow these instructions.

(e) Obviously, anything you may have seen or heard outside the courtroom is not evidence.

(f) Nothing I have said or done should be used by you in inferring innocence or guilt. I have no view of the guilt or innocence of each defendant.

## F. Direct and Circumstantial Evidence

> **Commented [SR8]:** This charge is the Court's usual instruction.

There are, generally speaking, two types of evidence from which you may properly find the truth as to the facts. One is direct evidence, such as the testimony of an eyewitness who saw an event firsthand, or directly. The other is indirect or circumstantial evidence. This is the proof of a chain of circumstances pointing to the existence or nonexistence of disputed facts.

A simple example of circumstantial evidence would be the following: If you were to come to court on a bright sunny day and then, after several hours in a courtroom with the window shades

drawn, you were to see people entering from the rear, one wearing a wet raincoat and the next shaking a wet umbrella, you might infer from these circumstances, without yourselves going outside or even looking out a window, that it had rained while you were here in court. This is not a speculation or a guess; this is an inference based on evidence.

So in a trial, you are permitted to draw, from facts that you find have been proven, such reasonable inferences or conclusions as seem justified in light of your experience and common sense.

The law makes no distinction between direct and circumstantial evidence. You may consider both. What the law does require is that, before a defendant is convicted of a crime, a jury be satisfied of his guilt beyond a reasonable doubt based on its assessment of all of the evidence in the case.

### G. **Government's Use of Electronic Evidence**

The government has offered evidence obtained from electronic devices and accounts the government attributes to of the defendants. The gathering of such electronic evidence is perfectly lawful, and the government is entitled to use such electronic evidence in this case.

**Commented [SR9]:** This charge comports with Sand, Instructions 5-10 and 5-11.

### H. **Improper Considerations**

Bias and Sympathy: Your verdict must be based solely upon the evidence developed at trial, or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any sympathy or favor for one side or the other or any personal feelings that you may have about a defendant's race, religion, national origin, ethnic background, gender, age, or sexual orientation. All persons are entitled to the presumption of innocence. You must do your best to put aside any biases, prejudices, or stereotypes

**Commented [SR10]:** This charge is the Court's usual instruction.

**Draft Document – Not for Distribution**

that you may harbor and be guided solely by the evidence in the case and my instructions on the law.

<u>Nature of Crimes</u>: It would be equally improper for you to allow any feelings that you might have about the nature of the crime~~s~~ charged to interfere with your decision-making process. To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence relating to the crimes charged in this case.

<u>Punishment</u>: The question of possible punishment is also of no concern to the jury, and it should not, in any way, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine, solely upon the basis of the evidence, whether or not a defendant is guilty beyond a reasonable doubt of the crimes charged against him in the indictment.

<u>Number of Witnesses</u>/<u>Items of Evidence</u>: You have heard testimony of multiple witnesses and watched the introduction of other evidence. ~~The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses.~~ The fact that one party called more witnesses and introduced more evidence than another should have no bearing on your determination as to whether the government has proven beyond a reasonable doubt each element of an offense you are considering. You are tasked with looking at all the evidence, and you have to decide which witnesses to believe and which facts are true. You should keep in mind that the burden of proof is always on the government and a defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

<u>Government Witness – Not Proper to Consider Guilty Plea</u>: You have heard testimony from a government witness who pled guilty to charges arising out of the same facts as this case.

**Commented [RRM11]:** If this sentence is retained rather than the one we have added below it, we request that the phrase "or evidence" be added to the end of the sentence.

**Commented [SR12]:** This charge adopts defendants' request no. 7.

**Draft Document – Not for Distribution**

You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendants on trial from the fact that a prosecution witness pled guilty to similar charges. That witness' decision to plead guilty was a personal decision about his or her own guilt. It may not be used by you in any way as evidence against the defendants on trial here.

<u>Witness Preparation</u>: There may have been testimony at trial that attorneys interviewed witnesses when preparing for and during the course of the trial. You must not draw any unfavorable inference from that fact.

On the contrary, attorneys are obliged to prepare their case as thoroughly as possible and one way to accomplish this is to properly interview witnesses before trial and as necessary throughout the course of the trial.

**I. All Available Evidence Need Not Be Produced**

Commented [SR13]: Per Sand, Instruction 4-4 Comment, this charge is adapted from the Third Circuit pattern instructions.

While the government must prove a defendant's guilt beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce every possible witness who might have some knowledge about the facts of the case. In addition, a defendant is not required to present any evidence or produce any witnesses.

**J. Specific Investigative Techniques Not Required**

Commented [SR14]: This charge adopts Sand, Instruction 4-4.

[**IF APPLICABLE**: *During the trial, you heard testimony of witnesses and argument by counsel that the government did not exhaust all possible investigative techniques. You may consider this in determining whether the government has met its burden of proof, because as I told you, you should look to all the evidence or lack of evidence in deciding whether a defendant is guilty. You are instructed, however, that there is no legal requirement that the government use any specific investigative techniques or pursue every investigative lead to prove its case. Law enforcement techniques are not your concern. Your concern, as I have*

*said, is to determine whether or not, based on the evidence or lack of evidence, a defendant's guilt has been proved beyond a reasonable doubt.*]

**K. Uncalled Witnesses**

> **Commented [SR15]:** This charge adopts Sand, Instruction 4-4.

[**IF APPLICABLE:** *There are persons whose names you may have heard during the course of the trial who did not appear here to testify, and one or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.*

> **Formatted:** Font: Italic

> **Commented [RRM16]:** If this entire instruction is not deemed conditional (i.e., to be used only if applicable), then we respectfully submit that at least this sentence should be marked as such.

> **Formatted:** Font: Italic

> *You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.*]

**L. Deciding What to Believe**

> **Commented [SR17]:** This charge is the Court's usual instruction.

As I mentioned earlier, you are the sole judges of the credibility of the witnesses and the weight that their testimony deserves. In determining whether a witness speaks the truth, you may consider the appearance and conduct of the witness, the manner in which the witness testified, the character of the testimony given, and any evidence contrary to the testimony given.

You should carefully scrutinize all of the testimony given, the circumstances under which each witness has testified, and any other matter in evidence which tends to indicate whether to believe a witness. Consider each witness's bias, prejudice, hostility, interest, and partisanship with respect to the prosecution or defense of the case and the witness's demeanor while on the stand.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit a witness's testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent mis-

recollection, like failure of recollection, is not uncommon. In weighing the effect of a discrepancy, consider whether it pertains to a matter of importance or to an unimportant detail, and whether it results from innocent error, on the one hand, or intentional falsehood, on the other.

**M. Prior Inconsistent Statements**

**[IF APPLICABLE:** *The testimony of a witness may be discredited or impeached by showing that the witness previously made statements which are inconsistent with the witness's present testimony. It is your job to determine the weight, if any, to be given to all or part of the testimony of a witness who has been impeached by such prior inconsistent statements. If you find that a witness made such a statement, you may consider that in your assessment of that witness's credibility. In other words, you may consider whether or not you believe the witness or accept his or her testimony at trial in light of the prior inconsistent statement. In making this determination, you should consider the importance of the matter to which the statement related. If you find that the matter is relatively trivial, you may decide not to attach much significance to the inconsistency. On the other hand, if the matter to which the prior inconsistent statement related is important, you may decide that it casts substantial doubt on the witness's credibility. You may also consider whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.*]

**N. Cooperating Witness Testimony**

You have heard from at least one witness who testified that he or she was actually involved in planning and carrying out one or more of the crimes charged in the Indictment. You have also heard from at least one witness who testified that he or she was an informant for law enforcement, acted at the direction of law enforcement [**IF APPLICABLE:** *and received or hoped to receive a benefit as a result*].

**Commented [SR18]:** This charge is the Court's usual instruction.

**Commented [SR19]:** This charge adopts Sand, Instruction 7-5

**Formatted:** Font: Bold, Underline

**Formatted:** Font: Italic

**Draft Document – Not for Distribution**

The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others. For those very reasons, the law allows the use of cooperating witness testimony. Indeed, it is the law in federal courts that the testimony of a single accomplice or co-conspirator may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt. However, it is also the case that cooperating witness testimony, and the testimony of confidential informants, is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of the credibility of a cooperating witness and confidential informant.

You should ask yourselves whether these cooperating witnesses and informants would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that a cooperating witness or informant was motivated by hopes of personal gain, was the motivation one that would cause the cooperating witness or informant to lie, or was it one that would cause the cooperating witness or informant to tell the truth? Did this motivation color the cooperating witness's or informant's testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you give to cooperating witness or informant testimony.

**Draft Document – Not for Distribution**

**O. Persons Not on Trial**

Commented [SR20]: This charge adopts the parties' requests.

Evidence has been introduced as to the involvement of certain other people in the crimes charged in the indictment. You may not draw any inference, favorable or unfavorable, to the government or the defendants from the fact that certain persons other than the defendants were not named in the indictment. That these individuals are not on trial is not your concern. You may not speculate as to the reasons why other persons are not on trial. You may not allow their absence as parties to influence in any way your deliberations in this case. Your concern is solely with the defendants on trial. The only issue in this case is whether the government has proven the charges against these defendants beyond a reasonable doubt.

**P. Testimony of Law Enforcement Witnesses**

Commented [SR21]: This charge adopts Sand, Instruction 7-16.

You have heard the testimony of law enforcement officials. The fact that a witness may be ~~employed by the federal government as~~ a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the ground that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give their testimony whatever weight, if any, you find it deserves.

**Q. Opinion Testimony**

Commented [SR22]: This charge adopts Sand, Instruction 7-21.

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he

**Draft Document – Not for Distribution**

or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

**R.  Character Witnesses**

**Commented [SR23]:** This charge adopts the parties' requests.

[**IF APPLICABLE:** *The defendants/defendant X] called some character witnesses who gave opinions about certain of [the defendants/defendant X] character traits. This testimony should not be taken by you as opinions on the part of those witnesses as to whether [the defendants are/defendant X is] guilty or not guilty. That question is for you and you alone to determine. You should however, consider this character evidence, together with all the other evidence in the case, in making your determination as to whether a defendant is guilty or not guilty of the charges.*

*Accordingly, after considering all of the evidence, including testimony about a defendant's good character, if you find that the government has failed to prove a particular charge beyond a reasonable doubt, you must acquit the defendant of that charge.*

*On the other hand, if you are satisfied the government has proven a defendant guilty beyond a reasonable doubt of a particular charge, you must find him guilty of that charge even if you believe him to be a person of good character.*]

**Draft Document – Not for Distribution**

**S.** **Translation of Live Testimony**

Commented [SR24]: This charge adopts the parties' requests.

As you observed, some witnesses testified in Tamil and/or Hindi through an official court interpreter. Although some of you may speak or understand Tamil and/or Hindi, it is important for all jurors to consider the same evidence. For that reason, for this live testimony, you must rely solely on the evidence presented in the English interpretation by the court interpreters.

In addition, you must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

**T.** **Use of Recordings and Transcripts**

Commented [SR25]: This charge adopts the parties' requests.

The government has offered evidence in the form of recordings of conversations with the defendants. These recordings were made without the knowledge of the defendants, but with the consent and agreement of one of the other parties to the conversations.

The use of this procedure to gather evidence is perfectly lawful, and the government is entitled to use these recordings in this case.

**U.** **Transcripts of Recordings in Foreign Language**

Commented [SR26]: This charge adopts the parties' requests.

[**IF THE PARTIES AGREE ON THE TRANSCRIPTS**: *You heard recordings in the Tamil and/or Hindi language. Each of you was given a transcript of the recording that has been admitted into evidence. The transcript is an English-language translation of the recording.*

*Although some of you may know the Tamil and/or Hindi language, it is important that all jurors consider the same evidence. The transcript, not the foreign language spoken in the recording, is the evidence. Therefore, you must accept the English translation contained in the transcript.*]

[**IF THE PARTIES DISPUTE THE TRANSCRIPTS**: *You have heard recordings in the Tamil and/or Hindi languages. A transcript of the recording has been admitted into evidence. The*

*transcript is an English-language translation of the recording. The accuracy of the transcript is disputed in this case.*

*Whether a transcript is an accurate translation, in whole or in part, is for you to decide. In considering whether a transcript accurately describes the words spoken in a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, the audibility of the recording, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.*

*Although some of you may know the Tamil and/or Hindi language, it is important that all jurors consider the same evidence. Therefore, you must not rely in any way on any knowledge you may have of the language spoken on the recordings; your consideration of the transcript must be based on the evidence in the case.*]

## V. Cooperation Amongst Defense Counsel

**Commented [SR27]:** This charge adopts the parties' requests.

You may have noticed at times during the trial that counsel for the defendants have consulted with each other and have divided certain of the work in an effort to facilitate their presentation and to avoid duplication. The fact that defense counsel have consulted and cooperated with each other in the conduct of their defense is not to be considered by you as having any significance with respect to the issues in the case. The issue of each defendant's guilt is personal and you must make a separate determination as to whether or not each defendant's guilt has been proven beyond a reasonable doubt. In making that judgment, you are to disregard entirely the circumstance that counsel for the defendants have worked together during the trial. Indeed, especially in a case of this length, it would be unusual and wasteful of time and effort if counsel did not share the burdens of the defense.

Draft Document – Not for Distribution

### W. Defendant's Right Not to Testify

[**IF APPLICABLE:** *[The defendants/defendant X] did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any other evidence because it is the government's burden to prove each defendant guilty beyond a reasonable doubt. A defendant is never required to prove his innocence nor is he required to provide any evidence at all.*

*You must not attach any significance to the fact that [the defendants/defendant X] did not testify. No adverse inference against [them/him] may be drawn by you because [they/he] did not take the witness stand. You must not consider this against [the defendants/defendant X] in any way in your deliberations in the jury room.*]

### X. Defendant's Testimony

[**IF APPLICABLE:** *[The defendants have/defendant X has] elected to testify in this case. Under our Constitution, a defendant in a criminal case has no obligation to testify or to present any evidence because, as I have discussed, it is the government's burden to prove his guilt beyond a reasonable doubt. In this case, [the defendants/defendant X] did testify and [they were/he was] subject to cross-examination like any other witness. You should examine and evaluate [the defendants'/defendant X's] testimony just as you would the testimony of any witness with an interest in the outcome of the case.*]

**Commented [SR28]:** This charge incorporates Sand, Instruction 5-21 and defendants' proposed edit to the final sentence of the government's request to charge no. 20.

**Commented [SR29]:** This charge adopts the parties' requests.

**Draft Document – Not for Distribution**

<u>Charge No. 2</u>
(Summary of Indictment)

I will now instruct you as to the legal elements of the crimes charged in the Superseding Indictment, which I will simply refer to as the Indictment. That is to say, I will now instruct you as to the specific elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to warrant a finding of guilt.

Before I explain to you the elements of the charge, however, I note that the indictment alleges that certain acts occurred "in or about and between" certain dates. If the indictment charges that a specific act occurred on a certain date or time, and the evidence indicates that it may have occurred on another date or time, the law requires only a substantial similarity between the dates and times alleged in the indictment and the dates and times established by testimony or exhibits.

In order to place my instructions in context, I will start by giving you a summary of the crimes charged. They are stated in the Indictment, and each charge is called a "count." I will refer to each count by the number assigned to it in the Indictment. Although my instructions to you will set forth the language of each count, I instruct you that each count in the Indictment is merely an accusation. It is not itself evidence.

The Indictment contains a total of ten counts. Each count charges one defendant or both defendants with a specific crime. There are two defendants on trial before you. You must, as a matter of law, consider each count of the indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he is charged. In reaching your verdict, bear in mind that guilt is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant. The case against each defendant, on each count, stands or falls upon the proof or lack of proof

Commented [SR30]: Charge No. 2 pulls from Sand, Instructions 3-1, 3-2, 3-5, and 3-8. Because each count in the Indictment is included in Judge Ross's charge to the jury, and the jury will be receiving a verdict sheet, it is unnecessary to distribute the Indictment itself to jurors.

Commented [SR31]: Note, this paragraph, which relates to the dates in the Indictment, was added to Charge No. 2. It is the only edit to the instructions relating to the legal elements of the crimes charged that postdates June 3, 2022.

against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count.

[**IF APPLICABLE**: *In addition, some of the evidence in this case was limited to one defendant. Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect enter into your deliberations on any other defendant.*]

Count One charges both defendants with conspiracy to distribute and possess with intent to distribute Tramadol, Alprazolam and Carisoprodol. Counts Two through Six charge defendant Kamaldoss with attempted distribution and possession with intent to distribute Tramadol and Alprazolam. Counts Seven through Nine charge defendant Navaratnarajah with distribution and possession with intent to distribute Tramadol and Alprazolam. Count Ten charges both defendants with money laundering conspiracy. Each defendant has denied that he is guilty of these charges.

**Draft Document – Not for Distribution**

<u>**General Deliberations**</u>

I have now outlined for you the rules of law applicable to the charges in this case and the processes by which you should weigh the evidence and determine the facts. In a few minutes you will retire to the jury room for your deliberations.

Traditionally, juror number one acts as foreperson. You must have a foreperson so that your deliberations may proceed in an orderly fashion. But, of course, the foreperson's vote is not entitled to greater weight than that of any other juror.

Your function, to reach a fair conclusion from the law and the evidence, is an important one. Your verdict must be unanimous.

When you are in the jury room, you may discuss the case. It is, in fact, the duty of each of you to consult with your fellow jurors and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and your conscience. In the course of your deliberations, no one should surrender conscientious beliefs of what the truth is and what the weight and effect of the evidence is. Moreover, each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors. Nevertheless, I do ask you to examine the issues and the evidence before you with candor and frankness and a proper deference to and regard for the opinions of one another. Remember that the parties and the court are relying upon you to give full and conscientious deliberation and consideration to the issues and evidence before you.

During your deliberations, you must not communicate with, or provide any information to, anyone except yourselves, by any means, about this case. You may not use any electronic device or media such as a ~~landline~~ telephone, cell~~ular~~ ~~tele~~phone, smartphone~~, smartwatch,~~ ~~iPhone,~~ ~~tablet,~~ ~~computer, or other similar~~ such device ~~BlackBerry or computer~~to communicate or conduct any research about the case. You ~~likewise~~ may not use the Internet or any Internet service or any text

**Draft Document – Not for Distribution**

or instant message service, or ~~a social media~~ website application such as Facebook, Instagram, Snapchat, LinkedIn, YouTube, ~~or~~ Twitter or TikTok to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Also, you should not consult dictionaries or reference materials or use any other tool, electronic or traditional, to obtain information about the case or to help you decide the case.

In short, do not try to find any information about this case from any source outside what has been presented here at trial until I have accepted your verdict. To do otherwise would violate your oath as a juror.

If it becomes necessary during your deliberations to communicate with me for any reason, simply send me a note signed by your foreperson or by one or more other members of the jury. No member of the jury should ever attempt to communicate with me or with any court personnel by any means other than in writing. I will not communicate with any member of the jury on any subject touching on the merits of this case other than in writing or orally here in open court.

If you wish to have some part of the testimony repeated, or to see any of the exhibits, you may make that request. If you request to see all or some of the exhibits, we will send them into the jury room for you or make them available to you here in open court. If you request to hear certain testimony or to see the trial transcript regarding any matter, I will call you into court and have the court reporter read those portions of the testimony to you or send responsive portions of the trial transcript into the jury room. You can have any of the testimony read back to you or made available to you in transcript form. I suggest, however, that you be specific in your requests so as to avoid hearing testimony or receiving portions of the trial transcript that you do not need to assist you in your deliberations.

**Draft Document – Not for Distribution**

If, in the course of your deliberations, you wish to hear any further explanation as to the law, you may send me a note telling me what you would like.

Also bear in mind that you are not to reveal to any person—not even in open court—how the jury stands, numerically or otherwise, on the question of whether the defendant is guilty or not guilty, until after you have reached a unanimous verdict. When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate in the note what the verdict is.

To assist you in reaching a verdict, I have prepared a verdict form for your use. Follow the instructions that accompany the questions on the form. Your verdict as to each question must be unanimous. Although I will provide each of you with a copy of the verdict form, please recall that your unanimous verdict must be recorded on the foreperson's verdict form. I will also provide each of you with a copy of these instructions. Please remember that you must follow these instructions as a whole, and should not rely on any one portion in disregard of remaining portions.

Before now asking you to retire and begin your deliberations, let me first consult with counsel to be certain I have not overlooked any point.

*(The attorneys will come to the sidebar to make any exceptions).*

*(Release alternates).*

*(Swear Marshals).*

# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

Case No.: 19-CR-543 (ARR)

-against-

VELAUDAPILLAI NAVARATNARAJAH and
EZHIL SEZHIAN KAMALDOSS

Defendants.
-----------------------------------------------------------------X

## VOIR DIRE QUESTIONS REQUESTED BY JUDGE BLOOM

The parties jointly propose the following voir dire questions addressing the specific issues as outlined below.  Further, the parties provide pronunciation of the defendants' names and drug names for the Court.

## Question Regarding Accomplices Witnesses, Cooperators and Confidential Informants

Some evidence in this case may come from accomplice witnesses also referred to as cooperators. These are people who have allegedly been involved in the crimes charged and who have agreed to cooperate with the government and testify at trial in return for potential benefits.  Further, some evidence in this case may come from confidential informants, who also may be getting benefits from the

government.[1]  You will be instructed by Judge Ross that the law allows this type of testimony, but that you should scrutinize it with great care and view it with particular caution.[2]   Will you be able to follow that instruction when assessing cooperator, accomplice, or informant testimony, and will you be able to be fair and impartial in a case in which such testimony is used?

## Question Regarding Specific Drugs in the Indictment

The defendants are alleged to have committed offenses relating to the distribution of the following controlled substances:  Tramadol (tram-uh-dol), Alprazolam (al-pra-zo-lam – long o) known by the brand name Xanax, and Carisoprodol (care-i-so-pro-dol – long a and first two o's are long) known by the brand name Soma.  Will you be able to be fair and impartial in a trial that involves allegations relating to the distribution of these drugs?

---

[1]  The government thinks everything following the comma in this sentence should be stricken as unnecessary, as the Confidential informant in this case did not receive any benefits from the government.

[2]  The government believes that this sentence is unnecessary and should be stricken.

**Question Regarding Addiction Generally**

Have you, any family member, or any close friend had any addiction issues or substance abuse problems involving any type of drug? In light of these experiences, will you still be able to be a fair and impartial juror in this case?

**Pronunciation of the Defendants' names:**

- Ezhil (eh-LEEL) Kamaldoss (Camel-doss)

- Velaudapillai (ve-lau-duh-pill-i – final i is long) Navaratnarajah (na-va-rot-na-rajah – usual pronunciation for rajah).

Dated:     New York, New York
           June 8, 2022

                          Respectfully submitted,

                          *David V. Kirby*
                          David V. Kirby
                          Jin P. Lee
                          Eylan Schulman, Esq.

                          *Counsel for Defendant Velaudapillai*
                          *Navaratnarajah*