```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
                                                                        :
UNITED STATES OF AMERICA,                                               :   19-CR-543 (ARR)
                                                                        :
   -against-                                                            :   NOT FOR ELECTRONIC
                                                                        :   OR PRINT PUBLICATION
EZHIL SEZHIAN KAMALDOSS,                                                :
     also known as "Kamaldoss Sezhian,"                                 :   OPINION & ORDER
     "Kamal Doss" and "Ezhil Cezhian,"                                  :
                                                                        :
and                                                                     :
                                                                        :
VELAUDAPILLAI NAVARATNARAJAH,                                           :
     also known as "Rajah,"                                             :
                                                                        :
                      Defendants.                                       :
                                                                        :
----------------------------------------------------------------------- X
```

ROSS, United States District Judge:

The government moves *in limine* to admit as direct evidence certain statements made by alleged co-conspirators and defendants Ezhil Sezhian Kamaldoss and Velaudapillai Navartnarajah, and to admit as attribution evidence certain other emails sent to and from defendants. The government contends that these various pieces of evidence have been properly authenticated by certificate. In addition, the government requests that should it not be able to obtain business record certifications from IndusInd Bank, an Indian bank with no operations in the United States, it be permitted to admit into evidence certain bank statements of defendant Kamaldoss under Federal Rule of Evidence 807(a), the residual hearsay exception. Defendants oppose the government's motion. For the reasons that follow, I find that the attribution evidence and the WhatsApp communications are admissible, but that the proffered email communications are admissible only if the government provides sufficient independent evidence probative of the identities of the email

1

senders and recipients.[1] Finally, if the government is unable to obtain business certifications of the IndusInd Bank Statements, despite its best efforts, the statements may come in under the residual hearsay exception.[2]

## DISCUSSION

### I. Admissibility of Exemplar Exhibits.

The government seeks to admit as direct evidence certain WhatsApp and email communications (the "exemplar exhibits") that it contends are statements of either alleged co-conspirators or defendants and are thus admissible pursuant to Federal Rule of Evidence 801(d)(2). In response, defendants argue that these communications are inadmissible because the government has not satisfied its burden of proof in establishing that these hearsay statements were in fact made by co-conspirators or defendants.

Under Federal Rule of Evidence 104(a), I am to determine all preliminary questions of admissibility, including whether the conditions for admitting statements of a co-conspirator or a defendant have been satisfied. While the parties concede this, they disagree on whether I may consider the hearsay statements themselves in deciding if the evidence is admissible: the government alleges that I may, Gov't's Letter 2−4, ECF No. 212, while defendants proffer that I may consider only "evidence independent of the hearsay utterances," Defs.' Letter 2, ECF No. 224 (quoting *United States v. Clemente*, 494 F. Supp. 1310, 1326 (S.D.N.Y. 1980)). Defendants are mistaken. In *Bourjaily v. United States*, 483 U.S. 171 (1987), decided after *United States v.*

---

[1] Alternatively, the government is invited to submit authority establishing that highly probative and interlocking hearsay statements may themselves support a finding of admissibility, even without independently admissible evidence.

[2] Because the government intends to submit additional certifications to satisfy authenticity concerns raised by defendants, I need to address defendants' concerns on this point.

2

*Clemente*, 494 F. Supp. 1310, 1326 (S.D.N.Y. 1980), the Supreme Court made clear that "in making a preliminary factual determination about the admissibility of [a co-conspirator's statement], [I] may examine the hearsay statements sought to be admitted," along with independent evidence.[3] *Id.* at 181. After all, "a piece of evidence, unreliable in isolation, may become quite probative when corroborated by other evidence." *Id.* at 180. Under *Bourjaily*, the burden of proof for determining the admissibility of a co-conspirator's statement is a preponderance of the evidence standard. *Id*. at 175. This standard was extended to all preliminary admissibility issues under Rule 104(a) in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 n.10 (1993). Accordingly, in deciding whether the government's exemplar exhibits are admissible, I may look to the proffered hearsay statements along with any independent evidence to determine if the government has satisfied its burden.

In order to admit a statement under the co-conspirator exception to the rule against hearsay, I must find by a preponderance of the evidence that a conspiracy existed that included the declarant and defendant, and that the statement was made during the course of and in furtherance of that conspiracy. *See United States v. Gigante*, 166 F.3d 75, 82 (2d Cir. 1999). As to the WhatsApp communications marked as Government Exhibits GX 1305 through GX 1309, I find that this standard is met. As an initial matter, it is clear that the WhatsApp messages *sent by* defendant Kamaldoss to alleged co-conspirators satisfy Rule 801(d)(2)(A) (statement by a defendant) because the WhatsApp communications were obtained directly from Mr. Kamaldoss's cellular device and have been properly certified pursuant to Rules 902(13) and 902(14). *See* Gov't's Letter

---

[3] Integral to the Court's decision was the enactment of the Federal Rules of Evidence in 1975, which state clearly that in determining preliminary questions of admissibility under Rule 104, courts are not bound by the "Rules of Evidence (other than with respect to privileges)." *Bourjaily v. United States*, 483 U.S. 171, 177−78 (1987).

3

4. These statements constitute defendant admissions and are thus independent evidence. When these defendant admissions are read alongside the WhatsApp messages responding to defendant Kamaldoss, they give rise to a compelling inference that these responsive messages were sent by co-conspirators in furtherance of the conspiracy. For example, in a WhatsApp message sent by defendant Kamaldoss, defendant Kamaldoss directs the sending of orders every day. *See* GX 1306 at 4. In response, a WhatsApp message is sent to defendant Kamaldoss that includes a series of names, addresses, and specific drug types and quantities, including, "Ambien 360 pills" and "Tramadol 200 mg 180 pills." GX 1306 5−7.

As to the email communications, while they may be admissible as statements of a co-conspirator or defendant, the government will need to proffer admissible, independent evidence to meet its burden.[4] The statements at issue, contained in Government Exhibits GX 2043−GX 2045, GX 1703−GX 1706, and GX 2048−GX 2049, consist of an email and its attachments sent from an alleged co-conspirator named munna singh to "kdoss999"; two emails and their attachments sent from "esezhian" to "vinnothk"; and an email and its attachment sent from "kdoss999" to munna singh. *See* GX 2043−GX 2045, GX 1703−GX 1706, and GX 2048−GX 2049. While the government correctly contends that these emails are mutually corroborating, and thus highly probative of the likelihood that they were sent between defendants and co-conspirators, each email is itself hearsay. But *Bourjaily* did not go so far as to authorize courts to make Rule 104(a) determinations without *any* independent evidence. *Bourjaily*, 483 U.S. at 181. The government could, of course, satisfy the requirement of independent evidence in any number of ways. It could,

---

[4] Again, the government may alternatively meet its burden by establishing that highly probative and interlocking hearsay statements may themselves support a finding of admissibility, even without independently admissible evidence.

for example, proffer attribution evidence to establish that the email account of "esezhian" is under the control of defendant Kamaldoss, thereby converting these hearsay statements into defendant admissions—and thus independent evidence—that would corroborate munna singh's role as a co-conspirator. Alternatively, and as the government suggests it will do, the government could elicit witness testimony that corroborates the pattern of co-conspirator and defendant email communications that the government's exhibits purport to show. *See* Gov't's Reply Letter 4, ECF No. 230. This testimony, however, would itself need to be admissible under Rule 602, which requires the witness to have personal knowledge of the matter, or, alternatively, to testify about the statement of a person with firsthand knowledge, provided that statement is admissible under the hearsay rule. *See, e.g.*, *United States v. Stratton*, 779 F.2d 820, 829−30 (2d Cir. 1985). Until the government provides this requisite independent evidence, I cannot decide whether the email communications are admissible under Rule 104(a).

## II. Attribution Evidence.

Defendants do not appear to take issue with the attribution evidence that the government seeks to admit as against defendant Navaratnarajah. *See* Defs.' Letter 4. They do, however, argue that because the government suggests that defendant Navaratnarajah had access to the "kdoss999" account, the government must prove that any emails sent by "kdoss999" were sent by defendant Kamaldoss before those emails may be introduced against him as defendant admissions. *Id.* This argument confuses whether this evidence may be introduced as attribution evidence with whether this evidence may be introduced for the truth of the matter asserted therein. I see no reason why the "kdoss999" emails cannot be introduced as attribution evidence, and defendants have not proffered one. Whether the "kdoss999" emails can come in for the truth of the matter asserted, however, depends on my determination of whether the government has proven, by a preponderance

5

of the evidence, that the emails were sent by defendant Kamaldoss. If I find that they were, the emails may come in as defendant admissions. The same is true for emails sent from the account "americasir5," which the government alleges was controlled by defendant Navaratnarajah. In light of this, at this time I decline to issue defendants' proposed limiting instruction on the use of attribution evidence.

### III.    IndusInd Bank Statements.

Defendants oppose the introduction of the IndusInd Bank statements under Rule 807(a) because they contend that this residual hearsay exception should be used "very rarely, and only in exceptional circumstances." Defs.' Letter 6 (quoting *Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991)). Defendants suggest, without citing any authority, that exceptional circumstances are not present here because IndusInd Bank is "in a country that is closely allied with the United States and has no reason to decline to produce a business records certification were it to be asked in a timely manner." *Id.* at 7. This argument is perplexing: the government has been attempting to obtain business records certifications since at least May 20, *see* May 20, 2022 Gov't Letter 7, ECF No. 200, and whether a foreign country is willing to certify a business record in a timely manner is beyond the government's control. The relevant inquiry is not, therefore, whether IndusInd Bank should be willing to certify the statements, but rather whether the statements are "supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which [they were] made and evidence, if any, corroborating the statement[s]," and if they are "more probative on the point for which [they are] offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a). Although I am not bound by *United States v. Turner*, 718 F.3d 226 (3d Cir. 2013), I agree with the government that the facts presented in *Turner* are "squarely parallel" to those presented here, Gov't's Reply 5, and

6

am persuaded by the Third Circuit's reasoning. In contrast, I find the facts in *Lakah v. UBS AG*, 996 F. Supp. 2d 250, 257 (S.D.N.Y. 2014) inapposite to the ones before me. Accordingly, should the government not be successful in obtaining certifications of the IndusInd Bank statements, I find that the statements are admissible under the residual hearsay exception: they have sufficient indicia of trustworthiness—after all, they were extracted from defendant Kamaldoss's computer, *see* May 20, 2022 Gov't Letter 7—and are highly probative of defendant Kamaldoss's alleged involvement in the money laundering scheme.

## CONCLUSION

Based on the evidence proffered, I find that the WhatsApp communications are admissible; that the email communications are admissible only if the government proffers sufficient independent evidence to meet its burden or establishes, based on controlling authority, that such evidence is not necessary; and that attribution evidence may come in for the truth of the matter asserted therein if a proper foundation for their admissibility is laid. Finally, if the government is unable to obtain business certifications of the IndusInd Bank Statements, the statements may come in under the residual hearsay exception.

SO ORDERED.

\_\_\_\_/s/_____
Allyne R. Ross
United States District Judge

Dated: June 10, 2022
      Brooklyn, New York